# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: PARENTAL RIGHTS AS TO
L.L., A MINOR.

---

BILLY L.,
Appellant,
vs.
JASMINE M.,
Respondent.

No. 73114

**FILED**

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order terminating appellant's parental rights as to his minor child. Eighth Judicial District Court, Family Court Division, Clark County; Denise L. Gentile, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., 914, 918, 337 P.3d 758, 761 (2014).

Appellant asserts that substantial evidence does not support the district court's parental fault finding that he abandoned the child. We disagree. NRS 128.012(1) defines abandonment of a child as "any conduct of one or both parents of a child which evinces a settled purpose on the part of one or both parents to [forgo] all parental custody and relinquish all claims to the child." "The typical kinds of conduct which constitute abandonment are the withholding of parental presence, love, care, filial

18-10337

affection and support and maintenance." *Sernaker v. Ehrlich*, 86 Nev. 277, 280, 468 P.2d 5, 7 (1970).

Appellant has not visited or had in-person contact with the child in almost five years. He has sent her only one Christmas gift during that period and he has not sent any cards or letters. He has failed to exercise his right to make Skype contact, and although he has attempted to make telephonic contact, the district court found that only five of those contacts were at the court-ordered times. While he argues that he was unable to call the child at the court-ordered times, he never moved to modify the court order to adjust the contact times. And he failed to maintain Family Wizard, which was the court-mandated mode of communication between appellant and respondent. While appellant has paid child support, that support has had to be garnished. Because substantial evidence supports the district court's parental fault finding of abandonment and appellant does not challenge the district court's finding that termination of his parental rights is in the child's best interest, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]While appellant also asserts that respondent kidnapped the child when she moved to Nevada and that she defamed him at trial, because he raised these issues for the first time on appeal, he has waived them. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

cc: Hon. Denise L. Gentile, District Judge, Family Court Division
Billy L.
Black & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A